# United States District Court

SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.
APR 7 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA

V.

MARIO ALVAREZ and
OMAR CAMPOS

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 00-4070-SNOW

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __April 6, 2000__ in __Broward__ County, in the __Southern__ District of __Florida__ defendant(s) did, (Track Statutory Language of Offense) (describe)

intentionally possess with intent to distribute a controlled substance and did distribute a quantity of cocaine, a Schedule II controlled substance, and conspired to possess and distribute a quantity of cocaine with intent to distribute a Schedule II controlled substance,

in violation of Title __21__ United States Code, Section(s) __841(a)(1) & 846__

I further state that I am a(n) __Special Agent, U.S. Customs__ and that this complaint is based on the following facts:

Official Title

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

Signature of Complainant
Steven Hauk, Special Agent
U.S. Customs Service

The Court finds probable cause.
Sworn to before me, and subscribed in my presence,

April 7, 2000                     at   Fort Lauderdale, Florida
Date                                   City and State

LURANA S. SNOW, CHIEF
UNITED STATES MAGISTRATE JUDGE                Lurana S. Snow
Name and Title of Judicial Officer             Signature of Judicial Officer

## A F F I D A V I T

I, James S. Houk, United States Customs Service, Department of Treasury, being duly sworn, states:

1. That I am a Special Agent with the United States Customs Service and have been employed as a Customs Criminal Investigator for over (11) years. I am trained and experienced in the methods used by drug smugglers pertaining to the importation, warehousing and distribution of cocaine, marijuana and in the financial aspects of the illegal narcotics business. I have participated in the seizure of thousands of pounds of illegal narcotics and the arrest of approximately seventy (70) subjects. During the eleven years of appointment to this position, I received training and actual experience in detecting, handling and identifying controlled substances. Some of my duties as a Customs Criminal Investigator include the development and evaluation of information in order to detect the smuggling of contraband substances by aircraft, vessels and vehicles into the United States. I am presently assigned to the U.S. Customs Office of the Resident Agent in Charge, Fort. Lauderdale, Florida.

2. On or about April 2, 2000, the M/V Crowley Senator, operated by Crowley Shipping Line, arrived at Port Everglades, Florida from Port of Limon, Costa Rica. On the vessel was a vehicle with the listed the following information:

   A.   Shipper:           Omar Campos
                           Cartago, Costa Rica
                           591-5652

        Consignee:         Omar Campos
                           140-52 SW Terrace
                           Miami, Florida 33175
                            305-220-3640

D.    Bill of Lading #:    CAMMLIMNOM000019

E.    One 1985 Dodge Ramcharger 4x4

      VIN 1B4GW12T9FS670621

      FLORIDA TAG HZ 145Z


3.    This vehicle was searched by U.S. Customs Inspectors, on April 2, 2000. Further examination of the vehicle was conducted when K-9 "Lida ," OC24, alerted to the gas tank area. U.S. Customs Inspectors then drilled the gas tank and discovered a white powdery substance which field tested positive for cocaine. The cocaine weighed approximately 112 pounds in 55 packages. The 55 packages, wrapped in brown and silver tape, were concealed inside a secret compartment in the center of the gas tank of the vehicle.

4.    A Florida vehicle registration query on the above VIN, indicates that the 1985 Dodge Ramcharger Utility is registered to Omar Campos, of 14052 SW 38th Terrace, Miami, Florida, 33175. The registration lists CAMPOS's date of birth as 12/4/41.

5.    Said vehicle was to be removed from the ship, by the shipping line employees, and placed in the Crowley yard at Port Everglades, once released by U.S. Customs Inspectors. The owner was then be contacted, by the shipping line, that the vehicle was ready to be picked up. Pursuant to a Court Order signed by Chief Magistrate Judge Snow, U.S. Customs placed a beeper in the area of

2

the gas tank that would activate if the gas tank was being accessed.

6. On April 5,2000 at approximately 2:00 p.m., CAMPOS and ALVAREZ arrived at Crowley yard. CAMPOS was observed going into the Crowley office to obtain the release of the Dodge Ramcharger and exited the building and entered the vehicle and drove out the gate. ALVAREZ subsequently trailed behind in a blue minivan.

7. CAMPOS drove the vehicle south to Miami followed by your affiant and other agents.

8. The vehicle stopped at an Amoco station in Hialeah and and the blue minivan was observed going to a U Store It, facility located at 7401 NW 68th Street Miami, Florida. At this location ALVAREZ was observed speaking to a tow truck driver. Subsequently a tow truck appeared at the Amoco station and picked up the Dodge Ramcharger and was taken to the U Store Facility with CAMPOS riding in the tow truck. At the warehouse CAMPOS placed the Dodge Ramcharger into Bay G21.

9. CAMPOS was observed locking the warehouse and leaving the area. On April 6, 2000 at 11:50am CAMPOS and ALVAREZ arrived at the warehouse with tools and enter Bay G21, shortly thereafter the beeper went off in the vehicle. CAMPOS and ALVAREZ then left BayG21 and later returned with boxes and entered BayG21.

10. Agents entered Bay G21 and arrested both CAMPOS and ALVAREZ The area by the gas tank had been accessed and the carpeting in the vehicle had been pulled back and the beeper wire was exposed. Agents also found cutting tools by the vehicle.

3

11. Wherefore your affiant has probable cause to believe that CAMPOS and ALVAREZ have violated 21 U.S.C. Section 846 and 841(a)(1).

FURTHER AFFIANT SAYETH NAUGHT

_____
Special Agent Steven Houk
United States Customs Service


Subscribed and sworn to before me
this 7th, day of April, 2000.

_____
UNITED STATES MAGISTRATE JUDGE

4