UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6096-CR-WPD
~~00-4070-SNOW~~

UNITED STATES OF AMERICA,

VS.

OMAR CAMPOS,

        Defendant.
_____/

## DETENTION ORDER

THIS MATTER came before the Court upon the Government's motion to detain the defendant, **Omar Campos**, prior to trial and until the conclusion thereof. Having received evidence and heard argument of counsel, the Court hereby GRANTS the motion and enters its written findings of fact and statement of reasons for the detention in accordance with the provisions of 18 U.S.C. § 3142(i).

A.    INTRODUCTION

On April 11, 2000, the Court held a hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any person and the community. 18 U.S.C. § 3142(f). Based upon the evidence presented, the Court finds probable cause that the defendant, **Omar Campos**, committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. This finding gives rise to a rebuttable presumption that no condition or combination of conditions



of release will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e). Assuming, arguendo, that the defendant has come forward with sufficient evidence to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). Throughout this proceeding, the burden of persuasion is upon the Government to establish by the "preponderance of the evidence" that the defendant poses a risk of flight and/or by "clear and convincing evidence" that he poses a danger to the community. Id. at 489; 18 U.S.C. § 3142(f). In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

B.   FINDINGS OF FACT

   1.   The defendant is charged with possession with intent to distribute cocaine and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 (a)(1) and 846. Therefore, the defendant is charged with crimes involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

   2.   The Court received credible evidence that the defendant committed the offenses with which he has been charged. On or about April 2, 2000, a vessel carrying a 1985 Dodge Ramcharger vehicle arrived at Port Everglades, Florida from Costa Rica. The accompanying documentation listed **Omar Campos** as both the shipper and the consignee, and subsequent investigation revealed that the vehicle was also registered to

him.  Customs inspectors, assisted by a narcotics canine, searched the vehicle on the day of its arrival, and the canine alerted to the gas tank area.  Customs inspectors then drilled the gas tank and discovered a white powdery substance, which tested positive for cocaine.  Further inspection revealed 112 pounds of cocaine contained within 55 packages, all concealed inside a secret compartment in the center of the gas tank.

Thereafter, agents placed in the area of the gas tank a beeper that would be activated if the gas tank were accessed.  Agents then parked the Dodge in the yard at Port Everglades and had **Omar Campos** contacted.

On April 5, 2000, **Omar Campos** and Mario Alvarez arrived at Port Everglades.  **Campos** went into the appropriate office to obtain release of his vehicle.  **Campos** then exited the building, entered the vehicle, and drove out of the gate; Alvarez trailed behind in a blue minivan.  **Campos** drove the Dodge south to Miami and stopped at a Hialeah gas station; Alvarez proceeded to a storage facility in Miami.  At the storage facility, agents observed Alvarez speaking to a tow truck driver.  Subsequently, a tow truck appeared at the Hialeah gas station, picked up the Dodge, and drove it to the storage facility; **Campos** rode in the tow truck.  At the storage facility, **Campos** placed the Dodge into a bay and then locked the door and departed the area.

On April 6, 2000, **Campos** and Alvarez returned with tools to the storage facility and entered the bay.  Shortly thereafter, the beeper inside the vehicle was activated, alerting agents that the gas tank area was being accessed.  **Campos** and Alvarez then left the bay.  They returned later with boxes and departed again.

Agents placed both **Campos** and Alvarez under arrest.  Agents then entered the

3

bay and discovered that the area by the gas tank had been accessed and the carpeting in the vehicle had been pulled back, exposing the beeper wires. Agents also located a jack, extension cords, a light, a bucket, and metal shears. 18 U.S.C. § 3142(g)(2).

3.　　The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. The defendant reports that he is a naturalized United States citizen, having been born and raised in Costa Rica. Although he first entered the United States in 1967, residing in New York and later Miami, he returned to Costa Rica approximately twenty months ago. He lived in Costa Rica until coming to the United States approximately five days ago. He claims that he was planning to reside in New York with friends.

The defendant reports that his parents are deceased. His three sisters and two children all reside in Costa Rica.

The Pretrial Services Report reflects that the defendant had been unemployed while residing in Costa Rica. Accordingly, he reports only modest assets. 18 U.S.C. § 3142 (g)(3)(A) and (B).

4.　　The Court received evidence concerning the nature and seriousness of the danger to the community that would be posed by the release of this defendant. The defendant was personally involved in the importation of a significant quantity -112 pounds - of cocaine into the United States. He utilized the gas tank of his personal vehicle to smuggle the cocaine into the United States and was arrested after he attempted to extract it from the gas tank.　18 U.S.C. § 3142(g)(4).

5.　　The Court specifically finds by the preponderance of the evidence that no

condition or combination of conditions of release will reasonably assure the defendant's appearance at trial. 18 U.S.C. § 3142(e).

6. The Court specifically finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

C. STATEMENT OF REASONS FOR DETENTION

1. Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable risk of flight. Although the defendant is a United States citizen, he retains substantial ties to Costa Rica, the country in which he was born and in which his sisters and children reside. Given the substantial period of incarceration he would face upon conviction (the Government estimates 188 to 235 months), coupled with his significant ties to Costa Rica, the undersigned does not believe that he would be likely to appear if released on bond prior to trial.

2. Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable danger to persons and to the community. The defendant utilized his personal vehicle to import a significant quantity of cocaine into the United States. Both the quantity of cocaine and the manner of its importation reflect a fair degree of sophistication in international narcotics trafficking.

D. DISPOSITION

Being fully advised, the Court hereby ORDERS that the defendant, **Omar Campos**, be detained prior to trial and until the conclusion thereof.

The Court further DIRECTS

1. That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this ____ day of April 2000.

_____
BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Dennis Urbano, Esquire
11440 North Kendall Drive, Suite 400-E
Miami, Florida 33176-1025
Attorney for Defendant

Larry Bardfeld, Esquire
Assistant United States Attorney

United States Marshal

United States Pretrial Services