UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6096-CR-DIMITROULEAS

UNITED STATES OF AMERICA )
)
)
)
v. )
)
)
MARIO ALVAREZ, )
and )
OMAR CAMPOS, )
)
Defendants. )
_____)

**NIGHT BOX
FILED**

MAY 2 3 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

- A. 1. The government is unaware of any written or recorded statements made by the defendants.

    2. That portion of the written record containing the substance of any oral statement made by the defendant Mario Alvarez after arrest in response to interrogation by any person then known to the defendant to be a government agent will be provided at a discovery conference. Defendant met with the case agent in this case and admitted his involvement in this importation as well as the



        importation of 39 kilograms in a similar manner the week before. He also indicated that co-defendant Omar Campos, as well as Bernal Soto, Roberto Farradaz, and Edgar Guzman were involved in the importation of cocaine.

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendants, if any exist, will be made available at the Discovery Conference.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Fort Lauderdale, Florida, Suite 700. Please call the undersigned to set up a date and time that is convenient to both parties.

        The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office. Fifty-five packages of suspected cocaine wrapped in brown shipping tape weighing 53.1 kilograms were sent to the DEA Laboratory for analysis.

B.     DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.     The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.  The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

E.  The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.  No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.  The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

Pursuant to Rule 404(b), the government may introduce evidence underlying the importation (and possession with intent to distribute) of 39 kilograms of cocaine from Costa Rica from March 22 through March 31, 2000. On or about March 29, 2000, a Ford Bronco arrived at Port Everglades from Port Limon, Costa Rica. Hidden inside the gas tank of the vehicle was 85 pounds or 39 kilograms of cocaine. The vehicle was being shipped by Bernal Soto into the United States. Bernal Soto, and Edgar Guzman who drove Soto to the shipyard were arrested, in addition to Roberto Farradaz and Orlando Mesa who were arrested as they were removing the gas tank from the Ford Bronco where the cocaine had been hidden. Soto and Guzman were arrested at Defendant Mario Alvarez's home.

I.  The defendants are not an aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

3

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L. The motor vehicles used in the commission of this offense are not in the government's possession. Pictures of the Dodge Ram Charger which had 39 kilograms of cocaine hidden in the gas tank are attached.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendants.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government hereby requests that the defense stipulate to the following facts:
1. The quantity and quality of the cocaine seized from the Ford Bronco and the qualifications of the Government's chemist who is analyzing the cocaine which was seized.

4

P.    At the discovery conference scheduled above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Date: 4/2/00 - 4/6/00
Place: Port Everglades, Florida
    and
    "U Store It" Storage Facility
    7401 NW 68th Street
    Miami, Florida

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By:    _____
Laurence M. Bardfeld
Assistant United States Attorney
Florida Bar No. 712450
500 East Broward Boulevard,
Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3510
Fax: (954) 356-7336

cc:  Special Agent James Houk, Customs

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed/hand delivered this 24th day of May, 2000, to: H. Frank Rubio, Esquire, 10800 Biscayne Boulevard, Suite 570, Miami, FL 33161, and Juan Gonzalez, Esquire, 11305 SW 24th terrace, Miami, FL 33165.

Laurence M. Bardfeld
Assistant United States Attorney

6