UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA



OMAR CAMPOS,
        Petitoner,

v.                              CASE NO. 00-6096-CR-DIMITROULEAS

UNITED STATES OF AMERICA,
        Respondent.
_____/

**PETITION TO RECOMMEND THE FEDERAL BUREAU OF PRISONS
500 HOUR RESIDENTIAL SUBSTANCE ABUSE PROGRAM**

**AND**

**TO AMEND PETITIONER'S PRESENTENCE INVESTIGATION REPORT
TO REFLECT PETITIONER'S ACCURATE SUBSTANCE ABUSE HISTORY**

    **COMES NOW**, Omar Campos, Petitoner acting <u>pro-se</u>, and respectfully request that this Honorable Court will recommend that Petitioner participate in the Federal Bureau of Prison's 500 Hour Residential Substance Abuse Program (RDAP) and amend Petitioner's Presentence Investigation Report (PSI) to reflect Petioner's correct substance abuse history.

    In Support thereof Petitioner sets forth the following facts, affidavits, and exhibits attached:

### AFFIDAVIT

1. I, Omar Campos, am the same person that was indicted and subsequently sentenced in the above captioned case.

2. During the interview with the United States Probation Officer for the purpose of preparing my PSI I was elusive as to my substance abuse due



to my being fearful of negative legal consequences.

3. On October 2, 1968, January 14, 1972, and May 2, 1982 I was arrested for driving drunk (DUI), I have had a series of problems associated with alcohol abuse until the date of may arrest April 6, 2000. (see Exhibit "A-1" and "A-2").

The Federal Bureau of Prisons 500 Hour RDAP is a comprehensive residential behavior modification program wherein the inmate receives individual and group therapy counseling along with components that help the inmate reduce the changes of recidivism and to seek a positive drug-free lifestyle.

Petitoner's aubstance abuse history, prior to his arrest, needs to be accurately reflected in the PSI in order to be able participate in the Federal Bureau of Prison's 500 Hour (RDAP). (see Exhibit "B").

## CONCLUSION

**THEREFORE,** for the foregoing reasons Petitoner respectfully request that this Honorable Court will:

* Recommend to the Federal Bureau of Prisons that Petitioner participate in the 500 Residential Substance Abuse Program.

* Amend Petitoner's Presentence Investigation Report at Para. 63, Page 14 to reflect that Petitoner continued to abuse alcohol up until April 6, 2000, the date of Petitioner's arrest (see Exhibit "C").

Unless the amendment is not made in the PSI Petitioner will not be allowed to participate in the 500 Hour (RDAP). Petitioner would benefit from this program since Petitioner's alcohol abuse problem was substantial. For this reason the actual substance abuse needs to be reflected in the PSI. This

3

program will allow Petitoner to successfully reintegrate into society and to curb his addiction to addictive substance.

I, Omar Campos, swear and affirm that the facts contained in this petition and affidavit are true and correct and I hereby set forth the same under the penalty of perjury.

Respectfully submitted,

1/2/02

OMAR CAMPOS
REG. NO. 60532-004
EGLIN FEDERAL PRISON CAMP
P.O. BOX 600
EGLIN AFB, FL. 32542-0600

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing was sent via United States Postal Service this 2nd day of January 2002, to Mr. Laurence M. Bardfeld, 299 E. Broward Blvd, Room 409, Fort Lauderdale, Florida 33301, and Ms. Diane M. Plummer, U.S. Probation Officer, 300 N.E. 1st Avenue, Room 315, Miami, Florida 33132-2126.

OMAR CAMPOS
Reg. No. 60532-004

| | | |
|---|---|---:|
| 34. | **Adjusted Offense Level (subtotal):** | **29** |
| 35. | **Chapter Four Enhancements:** None | **0** |
| 36. | **Adjustment for Acceptance of Responsibility:** Based on the defendant's affirmative acceptance of personal responsibility for his criminal conduct, the offense level is reduced by two levels, pursuant to § 3E1.1(a). | **-2** |
| 37. | Based on the defendant's timely provision of information to the government concerning his involvement in the offense and the timely notification to authorities of his intention to enter a plea of guilty, an additional one level decrease is warranted pursuant to § 3E1.1(b). | **-1** |
| 38. | **Total Offense Level:** | **26** |

## PART B. THE DEFENDANT'S CRIMINAL HISTORY

### Juvenile Adjudication(s)

39.  None

### Adult Criminal Conviction(s)

40.  None

### Criminal History Computation

41.  The defendant has zero criminal history points. According to the Sentencing Table (Chapter Five, Part A), zero criminal history points establish a criminal history category of I.

### Other Criminal Conduct

| | Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|---|
| 42. | 10/2/68 (age 26) | Driving Drunk | Tampa Police Dept., Tampa, Florida | Dkt. #Unknown Driver's License Suspended, $25 Court cost |

E X H I B I T   "A-1"

10

No further information is available due the age and nature of this offense.

| | | | | |
|---|---|---|---|---|
| 43. | 1/14/72 (age 30) | Driving Drunk | Indianapolis Police Dept., Indianapolis | Dkt. #5-0452 1/17/72, Driver's License Suspended, $16 Court cost |

No further information is available due to the age and nature of this offense.

| | | | | |
|---|---|---|---|---|
| 44. | 312/72 (age 30) | DMV Violation | Indianapolis Police Dept., Indianapolis | Dkt. #572-92528 6/27/72, Nolle Prossed |

Due to the age and nature of this offense, no additional information is available.

| | | | | |
|---|---|---|---|---|
| 45. | 3/12/72 (age 30) | Beginners Permit | Indianapolis Police Dept., Indianapolis | Dkt. #72-92528 6/27/72, Nolle Prossed |

Due to the age and nature of this offense, no additional information is available.

| | | | | |
|---|---|---|---|---|
| 46. | 5/2/82 (age 40) | Operating a Motor Vehicle (.10 of alcohol) - 1st offense | Yonkers Police Dept., Yonkers, N.Y. | Dkt. #1405-82 7/1/82, pled guilty to Operating a Motor Vehicle while impaired and sentenced to Driver's License suspended and fined $250 |

Additional information regarding this arrest has been requested. However, due to the age of this arrest this information is readily available.

11

E X H I B I T    "A-2"

NOTICE OF RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION AND
PROVISIONAL § 3621(e) ELIGIBILITY

TO: _OMAR CAMPOS_         REG NO: _60532004_

FROM: _Dr. David Reince_         INSTITUTION: _FPC Eglin_

TITLE: _DAP Coordinator_         DATE: _9-5-01_

**SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION**

YOU HAVE REQUESTED PARTICIPATION IN THE BUREAU'S RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM. MY REVIEW OF YOUR CASE INDICATES THAT YOU (DO NOT) MEET THE ADMISSION'S CRITERIA FOR THE RESIDENTIAL DRUG ABUSE PROGRAM. IT APPEARS THAT YOU (DO NOT) QUALIFY TO PARTICIPATE IN THE RESIDENTIAL PROGRAM. (IF THE INMATE IS FOUND TO NOT QUALIFY, STATE THE REASON(S) BELOW).

Comments: _No verifiable support documented to suggest alcohol abuse and/or drug use during 12 months prior to instant offense._

E X H I B I T  "B"

### Mental and Emotional Health

62. The defendant reports that he has never suffered from any mental or emotional problems that would require professional intervention. There is no indication that the defendant was suffering from a significantly reduced mental capacity at the time he committed the instant offense.

### Substance Abuse

63. The defendant reports that he only drinks on special occasions and holidays. He denies the use of all narcotic substances.

### Educational and Vocational Skills

64. The defendant reports that he completed the sixth grade at Escuela Ascencion Esquela, which is located in Cartago, Costa Rica.

65. According to the defendant, from ages 15 to 17, he attended Colegio Vocacional, which is located in Costa Rica. During his attendance at this vocational trade school, the defendant studied to repair trucks.

### Employment Record

66. The defendant has been incarcerated since April 6, 2000.

67. According to the defendant, for approximately three months in 1998, he worked as a diesel mechanic with Hesco Sales, which is located at 8505 NW 74th Street, Miami, Florida. The defendant reportedly earned $12.00 per hour. He stated he left this job because of the meager wages. Written verification is pending. Additionally, a telephonic message was left for Ms. Maria Perez, who handles personnel matters for this company. This officer is awaiting a response from Ms. Perez.

68. The defendant says that from 1979 to 1989, he was employed as a mechanic with Meat Trucks, which was located in Maspeth (Queens), New York. The defendant earned $16.00 per hour. This company is no longer in existence.

69. The defendant reported that from 1990 to 1998, on and off, he lived in Costa Rica with his family. He further stated he was unemployed and supported by his family.

14

E X H I B I T     "C"