UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6096-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.

OMAR CAMPOS,

       Defendant.

_____/

## DEFENDANT OMAR CAMPOS' MOTION TO SUSPEND
## THE REMAINING TERM OF SUPERVISED RELEASE

    The Defendant, Omar Campos, through counsel, files this Motion to Suspend The Remaining Term of Supervised Release, states;

    Defendant Campos was sentenced to a period of sixty-three months incarceration with the United States Bureau of Prisons. The term of imprisonment was to be followed by a period of five years of supervised release. Sentencing in this matter took place on September 22, 2000.

    The Defendant desires to return to Costa Rica so that he may live with his two sisters who are in need of medical assistance. One sister suffers from chronic arthritis and is unable to walk. Mary Elena Campos is the sister with whom he would reside, she suffers from cancer.

    The Defendant's medical condition has also diminished as he has sustained two heart attacks, one in April of 2004 and another heart attack in April of 2005. He wishes to return to Costa Rica so that me may help his sisters with errands and other obligations and also to be near his family.



If permitted to return to Costa Rica, he will reside with Mary Elana Campos at Urbanization Gonzalez Anguilo, Casa Numero 7, Cartogo, Costa Rica 7050. The Defendant is aware that if the Court grants his request to return to Costa Rica, he is required to report to the nearest United States Probation Office immediately, if he ever returns to the United States.

Undersigned counsel have spoken with Assistant United States Attorney Bardfeld regarding this Motion, he does not have an objection to the Defendant's Motion. Mr. Bardfeld stated the "man served his sentence, let him go home".

United States Probation Officer Yamilee Sanchez was contacted regarding the Defendant's Motion. She stated that "she would have to staff the file with her supervisors".

WHEREFORE; The Defendant, Omar Campos, through counsel, requests that his Motion to Suspend the Remaining Term of Supervised Release be granted.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: /s/ Robert M. Berube
Robert N. Berube
 Supervisory Assistant
Federal Public Defender
Florida Bar No. 304247
One East Broward Boulevard, Suite 1100
Fort Lauderdale, Florida 33301
E-Mail: Robert_Berube@fd.org
(954) 356-7436 / (Fax) 356-7556

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the aforementioned motion was mailed on this 5th day of May, 2005, to Laurence Bardfeld, Assistant United States Attorney, at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 and to United States Probation Officer Yamilee Sanchez, 1 Biscayne Tower, 2 South Biscayne Boulevard, Suite 2501, Miami, Florida, 33131.

Robert N. Berube

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6096-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OMAR CAMPOS,

    Defendant.

_____/

## ORDER

THIS CAUSE having come before the Court on the Defendant's Motion to Suspend The Remaining Term of Supervised Release and the Court having been fully advised, it is hereby

ORDERED AND ADJUDGED that said motion is **GRANTED**.

DONE AND ORDERED on this ____ day of May, 2005 at Fort Lauderdale, Florida.

                                                  WILLIAM P. DIMITROULEAS
                                                United States District Judge

cc:    All counsel of record

## FAXBACK SERVICE LIST

Robert N. Berube, Esquire
Assistant Federal Public Defender
One East Broward Boulevard
Suite 1100
Fort Lauderdale, Florida  33301
Tel:  (954) 356-7436
Fax:  (954) 356-7556
Counsel for Defendant


Laurence Bardfeld, Esquire
Assistant United States Attorney
299 East Broward Boulevard
Fort Lauderdale, Florida  33301
Tel:  (954) 356-7255
Fax:  (954) 356-7336
Counsel for Government


Yamilee Sanchez
United States Probation Office
1 Biscayne Tower
2 South Biscayne Boulevard, Suite 2501
Miami, Florida, 33131
Tel: (305) 808-6400
Fax: (305) 808-6479

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Southern District of Florida

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| OMAR CAMPOS | Case Number: 0:00CR06096-002 |
| | Robert Berube, AFPD/Laurence Bardfeld, AUSA |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 963 | Importation of Cocaine into the United States | 04/06/2000 | 1 |

FILED by _____ D.C.
SEP 25 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) **ALL REMAINING** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: ▓▓▓▓▓▓
Defendant's Date of Birth: ▓▓▓▓▓▓
Defendant's USM No.: 60532-004
Defendant's Residence Address:
Federal Detention Center
33 NE 4th Street
Miami

Defendant's Mailing Address:
Federal Detention Center
33 NE 4th Street
Miami         FL    33132

09/22/2000
Date of Imposition of Judgment

Signature of Judicial Officer

**WILLIAM P. DIMITROULEAS**
**UNITED STATES DISTRICT JUDGE**
Name & Title of Judicial Officer

September 25, 2000
Date

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 9/25/00

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

Judgment-Page __2__ of __7__

DEFENDANT: OMAR CAMPOS
CASE NUMBER: 0:00CR06096-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __63 month(s)__.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT: **OMAR CAMPOS**
CASE NUMBER: **0:00CR06096-002**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __5__ **year(s)**.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- [ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).
See Special Conditions of Supervision - Page 4

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment-Page __4__ of __7__

DEFENDANT: **OMAR CAMPOS**
CASE NUMBER: **0:00CR06096-002**

## SPECIAL CONDITIONS OF SUPERVISION

At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the Immigration and Naturalization Service for deportation proceedings consistent with the Immigration and Naturalization Act.

If deported, the defendant shall not reenter the United States without the express permission of the United States Attorney General. The term of supervision shall be non-reporting if the defendant remains outside the United States. If the defendant should reenter the United States within the term of supervised release, he is to report to the nearest United States Probation office within 72 hours of his arrival.

The defendant shall particiapte in an approved treatment program for drug abuse as directed by the U.S. Probation Office. Participation may include inpatient/outpatient treatment if deemed necessary. The defendant will contribute to the costs of services rendered (copayment) in an amount determined by the probation officer, based on ability to pay, or availability of third party payment.

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page __5__ of __7__

DEFENDANT: **OMAR CAMPOS**
CASE NUMBER: **0:00CR06096-002**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| **Name of Payee** | **\* Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| | | | |

Totals: $ _____ $ _____

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page __6__ of __7__

DEFENDANT: **OMAR CAMPOS**
CASE NUMBER: **0:00CR06096-002**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A [☒] in full immediately; or

B [ ] $ _____ immediately, balance due (in accordance with C, D, or E); or

C [ ] not later than _____ ; or

D [ ] in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E [ ] in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B (Rev. 8/96) Sheet 6 - Statement of Reasons

Judgment-Page __7__ of __7__

**DEFENDANT:** OMAR CAMPOS
**CASE NUMBER:** 0:00CR06096-002

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 26

Criminal History Category: I

Imprisonment Range: 63 to 78 months

Supervised Release Range: 3 to 5 years

Fine Range: $ __12,500.00__ to $ __4,000,000.00__

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

☐ The sentence departs from the guideline range:

　☐ upon motion of the government, as a result of defendant's substantial assistance.

　☐ for the following specific reason(s):